IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JESSE LEE LONDON,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [89] MOTION TO REDUCE SENTENCE PURSUANT TO § 3582(c)(1)(A)(i)**<br><br>Case No. 1:13-cr-00012-DBB<br><br>District Judge David Barlow |

　　　　This matter is before the court on Defendant's Motion to Reduce Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).[1] Defendant requests that the court release him from custody due to his having contracted COVID-19 in jail and because he has health conditions that may place him at increased risk for severe illness from the COVID-19 virus. Defendant argues that he is excused from exhausting administrative remedies because he is being held at a county jail where there is no warden from whom he can seek compassionate release. The United States has not filed an opposition to defendant's motion, but the United States Probation Office filed a First Step Act Relief Eligibility Report[2] to which no party has responded.

## DISCUSSION

　　　　On April 3, 2014, defendant was sentenced to 96 months of incarceration for violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 18 U.S.C. § 924(c) (possession of a

---

[1] ECF No. 89.

[2] ECF No. 91 (sealed).

firearm in furtherance of a drug trafficking offense).[3] After his release from incarceration, he began serving 60 months of supervised release.[4] On June 15, 2020, defendant was arrested on a federal warrant for a supervised release violation. On November 10, 2020, he admitted he had violated the terms of his supervised release by having contact with a known felon and by possessing a firearm. Judge Benson sentenced him to 27 months in prison with no supervised release to follow.[5] As of February 3, 2021, defendant has served 7 months and 13 days of his sentence (approximately 27.6% of his full term and 32.3% of his statutory term).[6]

The First Step Act allows a federal prisoner to file a motion for compassionate release or sentence modification directly with the court if he has exhausted all administrative rights to "appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[7] Defendant asserts that he is being held in Cimarron County Jail in Oklahoma indefinitely due to having contracted COVID-19 and being placed in quarantine prior to being transferred to a federal facility.[8] Thus, he claims there is no warden to whom he can make a request for relief, or that requiring him to exhaust remedies would result in undue prejudice because going through the administrative process "would deprive him from the chance to recover

---

[3] ECF No. 47.

[4] *Id.*

[5] ECF No. 88.

[6] ECF No. 91 (sealed).

[7] 18 U.S.C. § 3582(c)(1)(A).

[8] ECF No. 89 at 2. The court notes that as of February 11, 2021, the defendant was moved to the United States Penitentiary in Atlanta, Georgia.

outside of jail."[9] Defendant cites some district court case law that predicts that if the administrative exhaustion issue were before the Tenth Circuit, it would conclude that 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement is a claim processing rule, rather than a jurisdictional requirement.[10] The United States has not challenged defendant's assertion that he need not exhaust administrative remedies because he made his motion at a time when there was no warden to whom he could make the request. The court therefore assumes, without deciding, that the exhaustion requirement is not jurisdictional and proceeds to the merits of the motion.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment "after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction. . . ." As the movant, defendant bears the burden of establishing that he is eligible for the requested sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014). The court finds that defendant has failed to meet his burden because he failed to establish "extraordinary and compelling" reasons to justify a reduction in his sentence and because he failed to establish that he will not pose a threat to the community if the court grants his request for a reduction in his sentence.

**A. Defendant Failed to Establish Extraordinary and Compelling Justifications.**

Under 18 U.S.C. § 3582(c)(1)(A)(i) a court may modify a term of imprisonment "after considering the factors set forth in § 3553(a) to the extent they are applicable, if it finds that —(i) extraordinary and compelling circumstances warrant a reduction . . . and that such a reduction is

---

[9] *Id.*

[10] *See, e.g., United States v. Mathews*, 2020 WL 4335010 at *3 (D. Kan. July 28, 2020).

3

consistent with applicable policy statements issued by the Sentencing Commission. . . ." The Sentencing Commission defines "extraordinary and compelling" reasons to include certain specified categories of medical conditions.[11] Specifically, the Sentencing Guidelines provide that the defendant must suffer from a terminal illness or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[12] In this case, defendant argues that he suffers from high blood pressure and hepatitis C. He acknowledges that neither of these diseases "is included on the CDC list of those that place an individual in the 'hish risk' category," but he nevertheless asserts that the CDC has recognized that "adults of any age with [either of these] conditions might be at increased risk for severe illness from the virus that causes COVID-19."[13] Thus, he asserts that "taken together, these two conditions 'substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility' and 'from which [he] is not expected to recover.'"[14] Furthermore, he argues that the court need not even decide whether the risk posed by these conditions is an extraordinary and compelling circumstance "because Mr. London has actually become infected while in custody, and the symptoms of that infection are quite severe."[15]

---

[11] U.S. SENT.GUIDELINES § 1B1.13, cmt. n.1(A).

[12] *Id.*

[13] ECF No. 89 at 5.

[14] *Id.*

[15] ECF No. 89 at 6.

The court is sympathetic to the fact that defendant, like too many others—both incarcerated and otherwise—has contracted the COVID-19 virus. But on the facts of this case, this is not an extraordinary and compelling reason that would warrant defendant's release.

### B. Defendant Failed to Establish He Will Not Pose a Threat to the Community.

Under the Sentencing Guidelines, a court can only grant a reduction in sentence if it determines that the defendant "is not a danger to the safety of any other person or to the community."[16] Defendant argues that this requirement is met because Judge Benson made a non-binding recommendation to the Bureau of Prisons at the time of sentencing that defendant "be released to a halfway house as soon as possible."[17] He further argues that releasing him to his mother's home in Alabama will keep him away from "his old haunts and criminal associates in Utah," will "provide opportunities for support and gradual reentry to the community," and that "[t]he need to social distance and maintain isolation will ensure that he stays mostly at home, keeping him focused on prosocial activities with his family and avoiding the distractions of street life." These arguments are insufficient to show a lack of danger to the safety of others.

The Presentence Report indicates that defendant has a long and significant criminal history, including multiple acts of violence. Based on the factual record before it, including the Presentence Report and the First Step Act Relief Eligibility Report, the court finds that the § 3553(a) factors involving defendant's history, protecting the public from future crime, deterring criminal conduct generally, and promoting respect for the law all counsel against release here.

---

[16] U.S. SENT.GUIDELINES § 1B1.13(2).

[17] ECF No. 88 at 2.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Reduce Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) is DENIED.

Signed March 2, 2021.

BY THE COURT

_____
David Barlow
United States District Judge
